MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor
EDUARD R. MELESHINSKY (CA SBN 300547)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Tel: (415) 625-7744
Email: Meleshinsky.eduard.r@dol.gov
*Attorneys for Lori Chavez-DeRemer*
*Secretary, United States Department of Labor*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>GRIMMWAY ENTERPRISES, INC.<br>Defendant. | Case No.: 25-cv-5030<br><br>**[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant Grimmway Enterprises, Inc. ("Grimmway" or "Defendant") have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

## I. STATEMENT BY THE PARTIES

1. On March 14, 2025, the Secretary filed a Complaint for Injunctive Relief and to Recover Amounts Due Under the Immigration and Nationality Act and Its Implementing Regulations ("Complaint") against Defendant alleging Defendant violated the H-2A Program under Section 218 of the Immigration and Nationality Act ("INA").[1] as amended by the Immigration and Reform Control Act of 1986 and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501 ("H-2A Implementing Regulations").

2. Defendant has retained counsel. Defendant waives formal service of the Summons and Complaint and acknowledges receipt of a copy of the Complaint.

3. In the interests of an amiable resolution, the Parties agree to waive findings of fact and conclusions of law and further agree to entry of this [Proposed] Consent Judgment and Order without further contest.

4. The Parties stipulate that the Court has jurisdiction over the Parties and the subject matter of this civil action, and that venue lies in the United States District Court for the Eastern District of Washington.

5. From July 5, 2021, to November 29, 2021, Defendant applied for and was granted Temporary Employment Certifications by the U.S. Department of Labor, Employment Training Administration, Office of Foreign Labor Certification ("DOL ETA OFLC"), to employ H-2A temporary agricultural workers at Defendant's Pasco, Washington location (the "2021 H-2A Certification").

6. The DOL ETA OFLC granted Defendant Temporary Employment Certifications from June 20, 2022, to November 20, 2022 (the "2022 H-2A Certification").

7. For the 2023 growing season, Defendant contracted with Direct

---

[1] All references made herein to the INA will be to its Section 218, 8 U.S.C. § 1188.

Staffing Agency, LLC to apply for a Temporary Employment Certification, and to hire and furnish H-2A workers from June 30, 2023, to November 20, 2023 (the "2023 H-2A Certification").

8. From 2021 – 2023, Defendant used two (2) farm labor contractors to furnish U.S. workers to perform the same duties at the same time as the H-2A workers, to perform agricultural work including grading, sorting and picking carrots grown by Defendant.

9. From 2021 – 2023, Defendant also employed U.S. workers to perform the same work as the H-2A workers ("Corresponding Workers").

10. The Secretary investigated Defendant pursuant to the INA and found that Defendant violated the H-2A Implementing Regulations listed below for its 2021 H-2A Certification, 2022 H-2A Certification, and 2023 H-2A Certification, as follows:

   A. Defendant failed to pay Corresponding Workers the applicable Adverse Effect Wage Rate ("AEWR") in violation of 20 C.F.R. § 655.122(a).

   B. Defendant failed to provide housing which met all safety and health requirements, in violation of 20 C.F.R. § 655.122(d)(1)(i) and, in particular, 20 C.F.R. § 654.414, 20 C.F.R. § 654.416, 20 C.F.R. § 654.408, and 29 C.F.R. § 1910.142(b)(8).

   C. Defendant failed to provide transportation which met all safety and health requirements, in violation of 20 C.F.R. § 655.122(h)(4), and, in particular, 29 C.F.R. § 500.104(g), 29 C.F.R. § 500.104(h), 29 C.F.R. § 500.100(a), 29 C.F.R. § 500.104(m).

   D. Defendant failed to pay daily subsistence to its workers during outbound transportation, in violation of 20 C.F.R. § 655.122(h)(2).

   E. Defendant failed to provide a copy of the H-2A contract to Corresponding Workers and failed to provide a copy of the H-2A contract to H-2A workers until they arrived at their place of employment in Pasco, Washington, in

violation of 20 C.F.R. § 655.122(q).

  F. Defendant failed to pay the required rates of pay by failing to pay the applicable AEWR to Corresponding Workers and by failing to pay the correct rate for maintenance workers, machinery duties performed in 2023 by H-2A and corresponding U.S. workers, in violation of 20 C.F.R. § 655.122(l).

  G. Defendant failed to satisfy the requirements of the job order by not stating actual terms and conditions by failing to accurately disclose hours workers were required to work, workers' eligibility for overtime premium pay, and, for a subset of workers, disclosure of actual job duties (i.e., mechanic duties) in violation of 20 C.F.R. § 655.121(a)(4).

  H. Defendant violated 20 C.F.R. § 655.135(e) by violating several state employment laws in the state of Washington related to safe housing and bedding for temporary workers.

  I. Defendant failed to contractually forbid cost-shifting by hiring a farm labor contractor, Direct Staffing Agency, which hired a contractor to recruit and hire prospective workers for Defendant without a formal written contract in violation of 20 C.F.R. § 655.135(k).

  J. Defendant failed to post H-2A posters prominently at the site of work in 2023 in violation of 20 C.F.R. § 655.135(l).

## II. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to 8 U.S.C. § 1188(g)(2) and 29 C.F.R. § 501.16(b):

11. Defendant and its officers, agents, servants, employees, successors, and all persons in active concert or participation with it are permanently enjoined and restrained from violating the provisions of 8 U.S.C. § 1188(a) and the H-2A Implementing Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501, including:

12. Defendant shall not, contrary to 20 C.F.R. § 655.122(a), fail to pay Corresponding Workers the applicable Adverse Effect Wage Rate.

13. Defendant shall not fail to provide transportation which has met all safety and health requirements, contrary to 20 C.F.R. §§ 655.122(d)(1)(i), 20 CFR 655.122(h), 654.414, 654.416, 654.408, and 29 C.F.R. § 1910.142(b)(8).

14. Defendant shall not fail to provide housing which meets all safety and health requirements, contrary to 20 C.F.R. § 655.122(d)(1)(i), including but not limited to 20 C.F.R. § 654.414, 20 C.F.R. § 654.416, 20 C.F.R. § 654.408, and 29 C.F.R. § 1910.142(b)(8).

15. Defendant shall not, contrary to 20 C.F.R. § 655.122(h)(2), fail to pay daily subsistence to its workers during outbound transportation.

16. Defendant shall not fail to provide a copy of the H-2A contract to corresponding workers no later than the day work commences, contrary to 20 C.F.R. § 655.122(q).

17. Defendant shall not fail to provide a copy of the H-2A contract to H-2A workers no later than the time at which the worker applies for the visa, contrary to 20 C.F.R. § 655.122(q).

18. Defendant shall not, contrary to 29 C.F.R. § 655.122(l), fail to pay the applicable AEWR rate for workers based on their job duties.

19. Defendant shall not, contrary to 20 C.F.R. § 655.121(a)(4), fail to satisfy the requirements of the job order by not stating actual terms and conditions by failing to accurately disclose hours workers are required to work, workers' eligibility for overtime premium pay, nor fail to disclose actual job duties.

20. Defendant shall not, contrary to 20 C.F.R. § 655.135(e), violate state housing laws related to safe housing and bedding for temporary workers.

21. Defendant shall not, contrary to 20 C.F.R. § 655.135(k), fail to contractually forbid cost-shifting by its H-2A Labor Contractors ("H-2ALCs").

22. Defendant shall not, contrary to 20 C.F.R. § 655.135(l), fail to post H-2A posters prominently at the site of work.

23. Defendant shall not, contrary to 29 C.F.R. § 501.4, intimidate,

threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any person employed in agriculture as defined in 29 U.S.C. § 203(f).

24. Defendant shall cease withholding the payment of $207,456.90 in back wages found to be due by Defendant under 8 U.S.C. § 1188(g)(2) and implementing regulations at 20 C.F.R. § 655.122(a) and 20 C.F.R. § 655.122(l) to H-2A workers and Corresponding Workers who performed work in Pasco, Washington described in its 2021, 2022, and 2023 H-2A Certifications and shall pay, or cause to be paid, the unpaid wages detailed on Exhibit A and as set forth herein.

25. Defendant, its officers, agents, servants, and employees and those persons in active concert or participation with Defendant, shall be prohibited from directly or indirectly, demanding, requiring or accepting any of the back wages from any of the employees listed on the attached **Exhibit A**. Defendant shall be prohibited from threatening or implying that adverse action will be taken against any employee because of their receipt of funds due under this Consent Judgment and Order. Violation of this paragraph may subject Defendant to equitable and legal damages, including punitive damages and civil contempt.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall take the actions below to facilitate compliance with the H-2A Implementing Regulations:

26. Within **60 days** of the entry of this Consent Judgment and Order, Defendant shall facilitate one (1), two-hour training for its managers, human resources personnel, payroll personnel, and supervisors who are directly responsible for administration and management of the H-2A program, by the Wage and Hour Division ("WHD") regarding the INA. Defendant shall facilitate one additional two-hour training for its managers, human resources personnel, payroll personnel, and supervisors in 2026, who are directly responsible for administration and management of the H-2A program.

27. Within **60 days** of the entry of this Consent Judgment and Order, Defendant shall ensure all contracts with its H-2ALCs require compliance with 20 C.F.R. § 655.122(h)(4) and to show proof of such compliance.

28. Within **60 days** of the entry of this Consent Judgment and Order, Defendant shall ensure all contracts with its H-2ALCs require that all drivers of vehicles are 1) driving-authorized and 2) properly licensed for the vehicles driven as required by 20 C.F.R. § 655.122(h)(4) and 20 C.F.R. § 655.132(e)(2).

29. Within **60 days** of the entry of this Consent Judgment and Order, Defendant shall ensure and certify to the Wage and Hour Division that it is and will in the future only engage H-2ALCs registered in accordance with 20 C.F.R. § 655.132.

30. Defendant shall ensure that, each time a new AEWR rate is published, it uses such new AEWR rate to pay any H-2A workers or Corresponding Workers it employs, either directly or through an H-2ALC, including through including the rate in all future contracts or adding it to existing contracts with H-2ALCs and workers.

31. Defendant shall perform a yearly self-audit of its and its H-2ALCs' compliance with the H-2A Implementing Regulations, including but not limited to auditing transportation provided and payroll audits of promised rates and the AEWR. For example, Defendant shall ensure that vehicles used to transport workers are listed on the transportation authorization, are in compliance with the applicable standards at 29 C.F.R. §§ 500.104, 500.105, and that drivers of said vehicles are driving authorized and have the proper licensure for the vehicle driven. Defendant shall take prompt action to correct any violations of the H-2A Implementing Regulations it identifies during its yearly self-audit. Defendant shall continue this self-audit process **for 3 calendar years** beginning **90 calendar days** after the entry of the Consent Judgment and Order in this matter.

32. **Within 60 calendar days** of the entry of this Consent Judgment and

Order, Defendant shall ensure that all applicable Migrant and Seasonal Agricultural Worker Protection Act, H-2A, and Fair Labor Standards Act posters are prominently displayed at all worksites.

33. Until December 31, 2028, Defendant shall provide a copy of this Consent Judgment and Order to its current Human Resources Department personnel, managers, supervisors, and payroll personnel and to any new Human Resources Department personnel, managers, supervisors, and payroll personnel within 30 calendar days of their hiring date.

34. Defendant shall provide a copy of this Consent Judgment and Order to any successors-in-interest to Defendant from the date of entry of this Consent Judgment and Order through December 31, 2028.

## JUDGMENT AND ORDER

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to 8 U.S.C. § 1188(g)(2), in favor of the Secretary and against Defendant in the total amount of $427,456.90, of which: $207,456.90 is back wages and $220,000.00 is civil money penalties ("CMPs").

Pursuant to this Consent Judgment, **IT IS HEREBY ORDERED THAT:**

35. Defendant shall pay or cause to be paid $207,456.90 in back wages due under the INA and this Judgment to the workers identified in **Exhibit A** to this Consent Judgment.

36. The amount of $220,000.00 in CMPs is assessed against Defendant and finally determined, pursuant to 8 U.S.C. § 1188(g)(2), 29 C.F.R. § 501.16, and 29 C.F.R. § 501.19. Defendant waives the right to a hearing with respect to this assessment of CMPs.

37. To accomplish the payments described in this Consent Judgment and Order, Defendant shall:

    A. Following the entry of this Consent Judgment and Order:

        1) **Within 60 calendar days**, make, or cause to be made,

payments for back wages to workers named in **Exhibit A** for the amounts listed. Defendant shall deliver or cause to be delivered separate payment using customary pay practices for each employee in the amount equal to one hundred percent (100%) of the net back wage amount due to each employee after making the legal deductions for payroll taxes and income tax withholding that the Defendant must pay or cause to be paid directly to federal and state agencies entitled to such taxes when due.

    2) **Within 120 calendar days,** make the CMP payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77743734, or by going to www.pay.gov and searching "WHD Civil Money Penalty - WE Region." All payments shall reference Case Number #1984363.

B.     **Within 90 calendar days** of the entry of this Consent Judgment and Order, Defendant shall:

    1) Deliver to WHD District Director of the Seattle District Office, currently Thomas Silva (silva.thomas@dol.gov), evidence of payment of back wages to all persons named in **Exhibit A** who were paid, by way of signed Form WH-58s.

    2) Provide to WHD District Director of the Seattle District Office, currently Thomas Silva (silva.thomas@dol.gov), a final list of all employees listed in **Exhibit A** who could not be located or who refused to accept the payments,

                    their last known residential address, personal phone number (if known and available), social security number (if known and available), WhatsApp contact information (if known and available), and their gross amounts owed in liquidated damages and back wages.

        3)    Deliver to the Wage and Hour Division the total amount in gross back wages for employees listed in **Exhibit A** who could not be located or who refused payment. Defendant shall use the "WHD Back Wage Payment Form – Western Region" at https://www.pay.gov/public/form/start/77761888, and reference Case Number: "1984363."

38. If any monies are not distributed to employees within three (3) years from the date the Secretary received payment from Defendant because of an inability to locate the proper persons or because of their refusal to accept it, the Secretary shall deposit the payment into the Treasury of the United States of America as miscellaneous receipts.

39. In the event of any default in the timely making of any payment due hereunder, the full amount due under this Judgment which then remains unpaid, plus post-judgment interest at the rate of ten percent (10%) per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of Defendant then known to the Secretary with electronic copies also concurrently served via e-mail on Defendant's counsel of record.

**IT IS FURTHER ORDERED** that each party shall bear their own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act, as amended, to the date of entry of the Consent Judgment

and Order herein.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED.**

Dated: _____            _____
                                    UNITED STATES DISTRICT JUDGE

*For the Plaintiff:*

MARC A. PILOTIN
Regional Solicitor
KATHERINE E. CAMERON
Associate Regional Solicitor

  /s/ Eduard R. Meleshinsky
EDUARD R. MELESHINSKY
Trial Attorney

*For Defendant Grimmway Enterprises, Inc.*

Defendant hereby appears and consents to the entry of this Consent Judgment, and waives notice by the Clerk of Court:

By: [signature]                                6·17·25
Name: Peter Vitarisi                           Date
Title: Chief People Officer

Approved as to Form:

By: *Joshua Rittenberg*                        June 17, 2025
JOSHUA RITTENBERG                              Date
Associate General Counsel
Grimmway Enterprises, Inc.
PO Box 81498
Bakersfield, CA 93380
jrittenberg@grimmway.com
(661) 855-8565

By: [signature]                                6/18/25
DANIEL P. CROWNER                              Date
Ogletree Deakins
1201 Third Ave, Ste. 5150
Seattle, WA 98101
daniel.crowner@ogletree.com
(206) 876-5308

# EXHIBIT A

# EXHIBIT A

## EXHIBIT A

| Last Name | First Name | Back Wages |
|---|---|---|
| Aguilar Mendez | Rosa E | $741.86 |
| Agustin Garcia | Apolinario | $114.53 |
| Alvarez Enriquez | David | $79.50 |
| Alvarez Tadeo | Juan | $128.82 |
| Antunez Martinez | Francisco | $775.26 |
| Arceo | Dasy V | $254.24 |
| Arceo Cardenas | Felix | $349.46 |
| Arredondo | Julian | $740.72 |
| Ayala Servin | Jose | $1,120.65 |
| Badillo Calderon | Inocencio | $627.59 |
| Balderas | Carmen | $2,480.42 |
| Bargas Flores | Miguel A | $144.35 |
| Becerril Mercado | Rigoberto | $445.93 |
| Bello Tolentino | Cesar | $1,959.49 |
| Borjas | Guadalupe | $2,752.75 |
| Borquez Mojardi | Alejandro | $627.17 |
| Bribiesca | Refugio | $142.24 |
| Camacho Valenzuela | Juan | $885.17 |
| Cardenas Contreras | Axel | $725.47 |
| Carlin Gomez | Fernanda | $797.80 |
| Carrillo Jimenez | Jose | $1,011.05 |
| Carrillo Jimenez | Santa | $348.27 |
| Castellanos Salas | Yahir | $125.87 |
| Castellon | Maria | $205.51 |
| Castro Castellon | Denis W | $5,000.54 |
| Ceballos Olivera | Julieta | $1,131.01 |
| Chavez | Guillermo | $383.49 |
| Chavez Ochoa | Emanuel | $502.53 |
| Chavez Rojas | Raul | $695.38 |
| Cisneros Garcia | Sandra R | $1,313.19 |
| Consuelo | Maria E | $1,880.14 |
| Contreras | Elvira | $722.27 |
| Contreras | Mayra Y | $1,431.47 |
| Cruz | Erica | $1,244.32 |
| De Leon | Rosalio | $192.85 |
| Delgado | Jacqueline Marisol | $753.87 |
| Diaz Buitrago | Andres | $42.21 |
| Diaz Ochoa | Edgar I | $455.49 |

1

| | | |
|---|---|---|
| Diego Bahena | Leonilia | $1,284.74 |
| Espindola Martinez | Guillermo | $639.62 |
| Espinoza | Cristian | $3,030.08 |
| Espinoza | Sarahi | $515.16 |
| Espinoza Avila | Jose G | $49.39 |
| Fabian Ambrocio | Carlos | $1,637.84 |
| Farias Sanchez | Maria | $1,180.69 |
| Fernandez Santiago | Reyna | $3,595.96 |
| Flores | Alejandro | $1,227.74 |
| Flores | Maria Elisa | $1,818.97 |
| Flores Cabello | Lucero | $3,998.51 |
| Flores Juarez | Carlos | $2,588.41 |
| Gaitan Rivera | Ana | $1,359.90 |
| Galicia | Kevin Oswaldo | $146.64 |
| Gama De Toscano | Teresa | $3,389.81 |
| Garcia | Victoria L | $4,395.32 |
| Garcia Ruiz | Erika | $822.64 |
| Garin | Ruben | $2,041.95 |
| Gomez | Yureli | $1,370.57 |
| Gomez Matias | Efrain | $1,035.89 |
| Gonzalez | Denis | $473.16 |
| Gonzalez | Edgar | $2,706.73 |
| Gonzalez | Miguel | $663.35 |
| Gonzalez | Pancracio | $2,468.52 |
| Gonzalez Jr | Isaias Adalberto Miguel | $141.82 |
| Gonzalez Mendoza | Rogelio | $81.56 |
| Gordillo Sanchez | Lucia | $2,326.34 |
| Granados Ojeda | Diana | $865.54 |
| Guerrero Paredes | Richard | $164.96 |
| Gunter | Tyler Joseph | $686.63 |
| Gutierrez Lopez | Efrain | $882.46 |
| Hernandez | Liboria | $718.16 |
| Hernandez Velarde | Luis A | $539.58 |
| Herrera Bordonado | Amparo | $73.69 |
| Herrera Jaimes | Fernando J | $411.39 |
| Ibarra | Jesus R | $881.32 |
| Isidro Fernandez | Sergio | $770.55 |
| Juarez Marez | Miguel A | $477.69 |
| Landa Solano | Juan C | $1,741.11 |
| Leon Banos | Rafael A | $2,137.65 |
| Leon Valdez | Ivon | $2,217.80 |

| | | |
|---|---|---:|
| Linares Torres | Marlen | $686.69 |
| Lizarda Morfin | Silverio | $8,581.89 |
| Loera | Isaiah | $2,283.84 |
| Lopez | Isaiah | $784.61 |
| Lopez | Maricela | $383.20 |
| Lopez | Azucely | $981.51 |
| Lopez | Migel | $3,411.44 |
| Lopez | Paul M | $350.60 |
| Lopez | Reynaldo | $231.20 |
| Lopez Flores | Gilberto | $3,985.54 |
| Lopez Flores | Leonardo | $666.44 |
| Lopez Jr | Manuel | $475.71 |
| Lopez Mata | Nayeli | $207.27 |
| Lopez Maya | Miguel Angel | $74.20 |
| Lopez Vargas | Lilia | $1,459.82 |
| Luna | Rafaela | $797.03 |
| Martinez | Gloria | $441.69 |
| Martinez | Ofelia Leticia | $857.19 |
| Martinez | Patricia D | $982.23 |
| Martinez Flores | Kevin | $136.59 |
| Medina | Aksel | $126.57 |
| Medrano | Dora L | $723.82 |
| Mendez Alvarado | Antonio | $916.57 |
| Mendoza Gonzalez | Osiel | $482.46 |
| Mendoza Mendoza | Zenaida | $1,021.40 |
| Mendoza Vazquez | Marilyn | $207.61 |
| Meraz Chavez | Roberto | $1,475.46 |
| Meza Ramos | Omar | $141.58 |
| Miranda | Dayara | $127.80 |
| Mondragon | Roberto | $4,952.80 |
| Montes Aguilar | Jonathan J | $785.33 |
| Montoya Gonzalez | Carlos | $580.48 |
| Montoya Vazquez | Aron | $2,986.83 |
| Mora | Denice I | $740.03 |
| Morales Soto | Alejandro | $380.89 |
| Moran | Alan Ismael | $2,370.49 |
| Moreno | Armando | $468.48 |
| Moreno Garcia | Adrian | $1,095.48 |
| Morfin Flores | Alfredo | $1,525.24 |
| Muniz | Maria | $318.06 |
| Negrete | Marisela | $643.38 |

| | | |
|---|---|---|
| Ocampo | Carlos | $81.44 |
| Oceguera | Jorge | $240.09 |
| Ochoa | Ivy M | $818.16 |
| Ochoa Vazquez | Jesus E | $579.43 |
| Olguin | Miguel A | $391.42 |
| Padilla Suarez | Cecilia | $791.34 |
| Pasillas Jara | Manuel Juvenal | $413.63 |
| Perez | Daniel | $401.52 |
| Perez | Sergio | $39.93 |
| Perez Yoc | Walter | $721.79 |
| Pineda Santana | Linda | $700.38 |
| Plascencia Osorio | Miguel | $1,000.58 |
| Portugal Hernandez | Solmar | $2,288.41 |
| Ramirez | Carlos | $2,000.49 |
| Ramirez | Jose | $645.26 |
| Ramirez | Robert G | $610.03 |
| Ramirez Tovar | Luis R | $1,823.52 |
| Ramos Mendoza | Humberto | $539.13 |
| Rangel | Isaac | $527.25 |
| Raya Sanchez | Victor | $1,240.32 |
| Rebolledo Arceo | Jacob | $143.00 |
| Reckard | Michael Paul | $3,145.86 |
| Register | Justin J | $2,023.15 |
| Reyes | Jazmine A | $132.55 |
| Reyes | Jesenia | $2,371.01 |
| Reyes Fernandez | Juan | $168.83 |
| Reyes Figueroa | J Cruz | $3,273.08 |
| Rivera | Jesus A | $477.24 |
| Rodriguez Guerrero | Rocio | $4,608.33 |
| Rodriguez Lopez | Paulina A | $3,567.30 |
| Rojas | Samantha | $2,628.34 |
| Rosales Cruz | Sandra | $238.86 |
| Ruiz | Jose R | $198.83 |
| Salazar | Rafael B | $100.07 |
| Sanchez | Oscar | $135.61 |
| Sanchez Hernandez | Gerardo | $103.23 |
| Sanchez Ortiz | Evelyn J | $901.04 |
| Sanchez Perez | Victoria | $755.86 |
| Sandoval | Maria M | $1,067.19 |
| Saucedo | Luis | $119.38 |
| Serratos | Jovanni | $432.02 |

| Servin Medel | Amalia | $1,297.92 |
| --- | --- | --- |
| Silva | Jennifer | $293.02 |
| Silva Espinosa | Gerardo N | $401.96 |
| Tadeo | Raul | $640.78 |
| Taylor | David | $185.57 |
| Tolentino | Ricardo M | $622.14 |
| Tome Ibarra | Cristina | $472.40 |
| Torres | Lucero | $591.60 |
| Torres | Felicitas | $2,315.15 |
| Torres Chavez | Vitalina | $931.27 |
| Torres Landa | Cristian | $394.30 |
| Torres Talavera | Maria G | $362.91 |
| Trujillo | Eric C | $2,963.16 |
| Trujillo | Jose | $539.58 |
| Trujillo Mendoza | Jose L | $2,384.92 |
| Trujillo Mendoza | Juan M | $4,028.34 |
| Valdez | Pedro | $99.75 |
| Vazquez | Miguel | $628.21 |
| Vazquex Lopez | Patty | $36.33 |
| Velazquez | Mauricio J | $1,044.15 |
| Velazquez Audelo | Andres | $84.05 |
| Villa Cantorin | Gianfranco | $695.35 |
| Zamora | Jesus Javier | $2,187.12 |
| Zavalza Flores | Maxima | $992.35 |
| Zepeda | Ivett | $77.50 |

5